IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAYMOND BAZINET )
)
)
)
Plaintiff )
)
v. )  05-40041 F05
)
Dr. Joseph P. Burke, Superintendent of schools )
)
Defendant. )
)

COMPLAINT

INTRODUCTION

1. This action seeks redress against Dr. Joseph P. Burke for civil rights violations of a nature that are covered under federal statutes to protect the general population and in particular, people that are employees of a public school.

JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action as the Plaintiff was a teacher in Massachusetts at the time of the fallacious complaints and the improper insertion in his file. Also, the retention of these fallacious documents (that the plaintiff was not able to ever see or rebut in a proper forum, even after the plaintiff pleaded with Dr. Burke in at least two letters. (see the attachments of letters sent to Dr. Burke). And, that Dr. Burke was the superintendent at that school at that time and remains so today.

3. The plaintiff asserts losses of more than $100,00 due to his inability to Obtain employment due solely to the improper files and denial of his filing for retirement papers.

RECEIPT # 04523
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED ✓
BY DPTY. CLK.
DATE 3-2-05

## PARTIES

4. The plaintiff believes that Dr. Burke is essentially acting on his own at the present time, but allows for the possibility that he may be acting for the school committee and/or the protection of certain principals, teachers and counselors at the high school. The lack of cooperation by Dr. Burke to find a fair and impartial resolution to this dispute is what has compelled the plaintiff to file this suit. If Dr. Burke asserts a defense of acting for the city of Springfield and/or other people, then the defendant asks that the court let the plaintiff include the city of Springfield and/or other parties as part of his suit.

## FACTS

5. Plaintiff was a teacher in the Springfield school system from the year 2001 until June 2004. In the second year of his tenure, the head principal of the school confronted Mr. Bazinet on a school matter that concerned a special needs student in Mr. Bazinet's class. Mr. Bazinet had previously outlined a course of action for this student after consulting with a counselor and the family of the student. The principal requested that Mr. Bazinet change that course of action or face termination. Mr. Bazinet refused and was then subjected to many inquisitions in a room of at least seven principals. Mr. Bazinet stood firm and the counselor involved was transferred to a school noted for its violence. Mr. Bazinet then became a target for this principal who led a loosely knit group to harass him and/or get him to resign. This harassment included a false claim of sexual harassment, racial slurring, and poor teaching, among other things.

6. Mr. Bazinet chose to ignore all of this until April 2004 when he became depressed and went on sick leave, had psychological counseling and had a lawyer ask Dr. Burke to intervene in the harassment and meet with Mr. Bazinet to adjudicate his file and all accusations. This never happened and thus we are here to today to seek redress.

## JURY DEMAND

Plaintiff demands trial by jury.

*Raymond Bynet*
56 ELM ST # 38
ENFIELD, CT 06082

EXHIBITS

The plaintiff, Raymond Bazinet, comes before the court and asserts that one Dr. Joseph P. Burke of Springfield Mass. has violated the civil rights of Mr. Bazinet by allowing a public file to exist that brands the plaintiff as a racist and sexual predator.

The plaintiff is a certified teacher in Mass. and now cannot gain employment due to the false and explosive charges in his personnel file at Central High School in Springfield Mass.

Plaintiff can easily show that some of the content in his file is bogus, without merit and a concoction that was devised by two or more principles, the assistant superintendent, a counselor and three students that had a common motive to disparage Mr. Bazinet.

Dr. Burke was contacted many times in a fair and civil attempt to rectify the file and he essentially avoided the plaintiff. Dr. Burke is now stonewalling and will not even allow an inspection of the file and will not send a copy to Mr. Bazinet. Also, the principals at the school often give damaging and hearsay information to those employers who call the school for information when considering Mr. Bazinet as a new hire.

These charges are of a civil rights basis and thus belong in the federal court.

Mr. Bazinet has no chance of obtaining employment while his file remains contaminated. Further, he is prohibited from filing his retirement papers while he is not employed in a Massachusetts school with a teacher contract.

The plaintiff asserts damages of more than $100,000 for one or more years of unemployment and retirement monies of at least $1000 per month when it becomes effective.

A teacher's reputation is his stock in trade and Mr. Bazinet has spent more than forty years building his and now a Superintendent has callously and willfully refused to allow Mr Bazinet to defend his reputation and continue teaching and retiring from a profession he has given many years to. Mr Bazinet can show definitively that his students of the past three years at this H.S. have produced a passing rate of over 80 percent on the state's MCAS test for first time takers. A rate double that of the overall school population.

Dr. Joseph P. Burke
Superintendent, Springfield Public Schools
195 State Street
Springfield, MA  01103

July 18, 2004

Dear Dr. Burke:

I had my lawyer contact you about a serious matter concerning the principal at Springfield's Central High School, Dr. Jackson. You have not responded.

This personal letter to you is my attempt to settle what is a vicious and personal attack on my civil rights and character. I am considering one or more lawsuits that will affect the Springfield school system and some of its employees as well as three or more students.

I will outline some of the abuses that began in late September of 2002 (my second year at Central). This outline does not contain all of the abuses. It is merely an overview of the tactics used by Dr. Jackson to remove me from her school.

Dr. Jackson confronted me about a disciplinary action involving a student, and made demands that I knew were not appropriate and were educationally and psychologically unsound as well. She pressed me on this issue, but I did not respond to her threats and was willing to resign if she overrode my decision on this student. She called a meeting of all principals and proceeded to have a "blanket party" with me as guest of honor. As this did not change my position she began a campaign of harassment apparently intended to get me to resign or change schools.

During the school year I was called to the office over the intercom many times for trivial reasons, always during my prep periods. Dr. Jackson also solicited parents to meet with me during my prep periods. During these meetings, which were purportedly conferences for the benefit of the students, the parents were allowed to swear at me and demean me while one or more principals were present. In addition, Mr. Doty concocted a charge of sexual harassment against me, based solely on the uncorroborated statement of a teacher of questionable mental health. During the final week of school that year, I spent hours in meetings with Doty, who continually pressed me to resign or be fired. I requested the particulars of the charge of harassment but none were provided. The last two days of that year, I was the recipient of gossip and questioning from clerks in the main office! Evidently, someone had leaked personal information about me to the office staff. Two clerks went so far as to smile and say goodbye and that they would still be there after I was fired. I waited all summer to have a hearing downtown on this harassment matter. It never happened.

My third year began with more confrontational meetings. I gradually came to realize that there was a loose knit conspiracy against me, consisting of at least one counselor, two

Raymond Bazinet
56 Elm Street #38
Enfield, CT


Dr. Joseph P. Burke
Superintendent, Springfield Public Schools
195 State Street
Springfield, MA  01103

November 1,2004:

Dear Dr. Burke,

      I appreciate your attempt to resolve my problems stated in my letter to you of July 18. You sent that letter to Cornelia O'Hare and she sent notice of that fact to me on August 2, 2004.
      However she has not as yet responded to me with any material and has not asked me to meet with her to get direction and/or do some fact finding. She also failed to send me a copy of a letter sent to my attorney as stated in her response of July 18. It has been my experience that things do not get resolved at her level and I am not going to be hung up at her office. I am thus requesting a meeting with you and/or the school committee to outline a successful and honorable resolution to my charges. As it stands right now I have been labeled a sexual predator and racist. That is intolerable and must be resolved in favor of the truth. This meeting must take place before January 10 of 2005.
      I am also requesting at this time that you direct someone at Central High School to send me a copy of all material in my personal file since my beginning hire date. When this has been accomplished we need to have an independent party certify what is in that file by marking the documents in the presence of all concerned parties.
      As of now, no legal actions have been instituted, however, I promise that will change if I am nor comfortable with my status after the first of the year 2005.



Respectfully,



Raymond Bazinet

principals and three or more students. (I can easily demonstrate this, as the students involved admitted it to me with pride!)

This group reported to Dr. Jackson and fabricated a scenario in which I was described as a racist who had made disparaging remarks against the nation of Israel. In fact, the statements ascribed to me were made by one of the students. Two impressionable freshmen in a class of juniors identified me as the originator of these contemptible remarks. Another internal investigation was initiated. This investigation resulted in no formal charges against me whatsoever, yet Dr. Jackson invited the Assistant Superintendent to the school to pressure me to resign by threatening to go "downtown" with the investigation. I declined to resign because the allegations were untrue and could easily be disproved by the many students in the class who had heard another student make the remarks attributed to me. Both of the freshman students later approached me, on their own, and apologized and told me they felt pressured by Mr. Nyzcth to write their incriminating statements.

As none of these pressure tactics convinced me to resign, Dr. Jackson came in person to evaluate my teaching skills and recommended that I not be rehired.

I would much prefer to settle this conflict without resorting to the judicial system and so will wait for your response until August 17, 2004. If I do not hear from you by then, I will send a copy of this letter to the School Committee, requesting a meeting with them.

Sincerely,

Raymond Bazinet

P.S.

One might question how a teacher, whose students have achieved an 80%+ first-try pass rate on the MCAS, can lack adequate teaching skills.

05-40041-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X II.     195, 368, 400, (440), 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___ III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___ IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

               YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

               YES ☐     NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

               YES ☐     NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

               YES ☐     NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

               YES ☐     NO ☒

    A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐      Central Division ☐      Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division ☐      Central Division ☒      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

               YES ☐     NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  RAYMOND BAZINET
ADDRESS  56 ELM ST #38 ENFIELD, CT 06082
TELEPHONE NO.  860-745-6718

Coversheetlocal.wpd - 10/17/02)

**JS 44** (Rev. 11/04)                                    CIVIL COVER SHEET   05-40041

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
RAYMOND BAZINET

**(b)** County of Residence of First Listed Plaintiff: 56 ELM ST #38 ENFIELD CT 06082
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
PRO SE

### DEFENDANTS
DR JOSEPH BURKE

County of Residence of First Listed Defendant: WORCESTER COUNTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $100,000 + up
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
NO
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/2/05
SIGNATURE OF ATTORNEY OF RECORD: Raymond Bazinet

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____