# United States District Court
# District of Massachusetts

RAYMOND BAZINET,
                    PLAINTIFF,

v.

DR. JOSEPH P. BURKE,
SUPERINTENDENT OF SCHOOLS,
                    DEFENDANT.

CIVIL ACTION NO. 05-40041-MAP

## ANSWER OF DEFENDANT
## DR. JOSEPH P. BURKE, SUPERINTENDENT OF SCHOOLS

Now come the Defendants, **DR. JOSEPH P. BURKE, SUPERINTENDENT OF SCHOOLS**,

by his attorney, and answers each and every allegation contained in the Plaintiff's Complaint as

follows:

### INTRODUCTION

1. The Defendant denies the allegations contained in paragraph 1 of the complaint.

### JURISDICTION AND VENUE

2. The Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. The Defendant denies the allegations contained in paragraph 3 of the Complaint.

### PARTIES

4. The Defendant lacks sufficient knowledge to either admit or deny the allegations

    contained in paragraph 4 of the Complaint, but admits that, as named in the caption of the

    complaint, he is the Superintendent of Schools, and serves under color of his authority

    pursuant to such appointment by the City of Springfield School Committee.

5. The Defendant admits the allegations contained in paragraph 5 of the Complaint in so far

    as it is alleged that plaintiff was a teacher in the Springfield School system, but denies the

46851

balance of the allegations contained therein.

6. The Defendant denies the allegations contained in paragraph 6 of the Complaint.

## EXHIBITS

45. Defendant denies the allegations contained in the three pages of documents filed with the complaint and attached as "Exhibits".

## DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The venue of the complaint is improper.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendants, reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

### FIFTH DEFENSE

The alleged actions of the Defendant were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the Defendant as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged

46851

violations of state law.

### *SEVENTH DEFENSE*

The Complaint fails to state a claim upon which relief can be granted against the Defendant as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

### *EIGHTH DEFENSE*

Claims against the Defendant are barred as the actions were reasonable and without malice.

### *NINTH DEFENSE*

The Defendant answer that at all times he acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

### *TENTH DEFENSE*

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

### *ELEVENTH DEFENSE*

The Plaintiff is collaterally estopped from recovery.

### *TWELFTH DEFENSE*

The Plaintiff is barred from recovery by *res judicata*.

### *THIRTEENTH DEFENSE*

Based on information and belief, the Defendant's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

46851

### FOURTEENTH DEFENSE

The Defendant is immune from liability

### FIFTEENTH DEFENSE

The complaint fails to state a claim upon which relief can be granted against the Defendant as

liability cannot be imposed under 42 U.S.C. §1983 solely on the grounds of *respondeat superior*.

### SIXTEENTH DEFENSE

On information and belief, the actions of the defendant were within the realm of reasonable

responses to the circumstances with which were confronted.

### SEVENTEENTH DEFENSE

The plaintiff cannot recover as he failed to comply with the presentment requirements of M.G.L.

c. 258, to the extent applicable, and the alleged actions of the public employees are exempt from

the provisions of the Tort Claims Act under Chapter 258, section 10.

### EIGHTEENTH DEFENSE

The plaintiff's injuries and/or damages were caused by his own negligent acts or failure to act

and therefore this action is barred by the provisions of Mass. General Laws, ch. 231, §85.

### NINEIEENTH DEFENSE

The Complainant failed to exhaust his contractual and administrative remedies, or otherwise

failed to bring this action in the time required by law.

### TWENTIETH DEFENSE

The claims are barred due to qualified, absolute, and or legislative or other immunity or

privilege.

### TWENTY-FIRST DEFENSE

The Plaintiff cannot establish the elements of a prima facie case of discrimination or retaliation.

46851

### *TWENTY-SECOND DEFENSE*

The Respondent had valid, non-pretextual reasons for its actions and the Plaintiff cannot demonstrate that these reasons are pretextual.

### *TWENTY-THIRD DEFENSE*

The reasons stated for the Defendant's actions were the real reasons, based on legitimate business concerns, and were not influenced in any way by unlawful discrimination.

### *TWENTY-FOURTH DEFENSE*

Any decision was based on the factual circumstances of each individual case, and in this case was based on legitimate nondiscriminatory reasons, and not in anyway related to any unlawful discrimination.

### *TWENTY-FIFTH DEFENSE*

Any publication was fair comment, criticisms and discussions, made in good faith and without malice, upon matters of public interest and general concern, upon public officials, and upon the public and other conduct and acts of public officials in which the public had an interest, and, as such, said words were privileged.

### *TWENTY-SIXTH DEFENSE*

Any statements made by the defendant were made by in furtherance of official duties and within the scope of authority, and said statements were made in good faith, without malice, and while the defendant was under a duty to make them.

### *TWENTY-SEVENTH DEFENSE*

Any written words were contained in a private correspondence, and the defendant denies that it in any way published the words, or any part thereof and if the words were published at all, such words were published by or through the plaintiff and not otherwise.

46851

## TWENTY-EIGHTH DEFENSE

If any words were spoken or written and published as alleged, said words were true, and, therefore, justified, and were said in the bona fide performance of a duty owed to the person to whom they were spoken or written, and to a person having a proper interest in the subject matter thereof and in response to inquiries therefor, and as to the subject thereof by such person, and were privileged and constituted a privileged communication without malice.

## TWENTY-NINTH DEFENSE

The injuries and damages, if any, sustained by the plaintiff were due to or caused by the negligence of a fellow servant of the plaintiff, or were otherwise compensable pursuant to statutory provisions for work related injuries only.

**WHEREFORE**, the Defendant requests this Honorable Court to enter judgment in his favor and award his costs.

Respectfully submitted,

Defendant Joseph D. Burke,
Superintendent of Schools
By His Attorney

Edward M. Pikula
Associate City Solicitor
BBO #399770
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:         (413) 787-6085
Telefax:             (413) 787-6173

---

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Defendant's ANSWER was this day served upon Plaintiff by mailing copy of same to:
Raymond Bazinet
56 Elm Street #38
Enfield, CT 06082 SIGNED under the pains and penalties of perjury.
Dated:    4/5/2005
Edward M. Pikula, Esquire

---

46851