# United States District Court
# District of Massachusetts

RAYMOND BAZINET,
    PLAINTIFF,

v.

DR. JOSEPH P. BURKE,
SUPERINTENDENT OF SCHOOLS,
    DEFENDANT.

CIVIL ACTION NO. 05-40041-MAP

---

### RESPONSE OF DEFENDANT
### DR. JOSEPH P. BURKE, SUPERINTENDENT OF SCHOOLS
### TO MOTION FOR INSPECTION and COPYING

---

Now comes the Defendant, **DR. JOSEPH P. BURKE, SUPERINTENDENT OF SCHOOLS**, by his attorney, and responds to the motion of the plaintiff with regard to records and indicate that copies of "all his evaluations, all his resumes" are available for inspection at the City Law Department at a mutually convenient time.

As to "all other material pertaining to his attempt to obtain employment" the request is overbroad, vague and confusing and Defendant objects to the jurisdiction of this court to order production of such records until the plaintiff 1) complies with automatic discovery; 2) submits a proper request for production of documents; 3) clarifies his request and its scope in order for the defendant to be able to properly respond by producing the records or objecting to the production to the extent it seeks records confidential or privileged or to request a protective order.

Notwithstanding the foregoing, the Defendant further responds as follows:

1. Defendant objects to the scope of this request, in that it seeks material irrelevant to the subject matter of this litigation, and does not describe with sufficient particularity the material sought so that the Defendant can identify it. Defedant further objects on the

46851

grounds that the language of the complaint and request is too vague to identify the items sought. The complaint calls into question the integrity of the City's employees and with the public image of the Department at stake, specificity of the pleading is essential if the important goals of a fair, speedy and expeditious adjudication are to be served.

2. Defendant objects to the date and location specified for production of documents in the request as unduly burdensome because Defendant and council will not have sufficient time to search for and gather the requested documents. Defendant has offered to produce responsive documents, which could be gathered and has agreed to produce further documents at a mutually convenient date and location after conferring with the Plaintiff.

3. Defendant objects to the extent the request seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

4. Inadvertent production of privileged information by Defendant shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at a hearing or otherwise in this action. Any documents produced solely for purposes of in camera inspection, and limited by the confidentiality exemptions provided by the Rules of Civil Procedure or, the Massachusetts General Laws, and common law decisions and Defendant understands that such records will not be used in any public hearing without the issuance of a protective order redacting private or confidential information and limiting the dissemination and access to any such materials.

5. Defendant objects to the time period of the requested documents as overly broad and beyond the scope of this proceeding.

46851

WHEREFORE, the Defendant requests this Honorable Court to deny the motion or otherwise enter an order consistent with Defendants response.

Respectfully submitted,

Defendant Josepth D. Burke,
Superintendent of Schools
By His Attorney

Edward M. Pikula
Associate City Solicitor
BBO #399770
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone: (413) 787-6085
Telefax: (413) 787-6173

---

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Defendant's Respoonse was this day served upon Plaintiff by mailing copy of same to:
Raymond Bazinet
56 Elm Street #38
Enfield, CT 06082 SIGNED under the pains and penalties of perjury.
Dated:  4/25/2005
Edward M. Pikula, Esquire

---

46851