# United States District Court
# District of Massachusetts

| | |
|---|---|
| **RAYMOND BAZINET,**<br>    Plaintiff,<br><br>  v.<br><br>**DR. JOSEPH P. BURKE,**<br>**SUPERINTENDENT OF SCHOOLS,**<br>    Defendant. | **CIVIL ACTION NO. 05-40041-MAP** |

### DEFENDANT'S EXHBITS

1. Deposition of Raymond Bazinet taken December 6, 2005

2. 8/1/01 letter of appointment to Bazinet from Burke

3. 11/8/02 memo to Bazinet re complaint from parent and scheduling of meeting with administrator, notice of right to have union representation

4. 6/13/03 letter to Bazinet from Asst. Principal Doty memorializing meeting with administrators concerning his evaluation, documenting two hearings with Bazinet (10/22/02 and 11/12/02) regarding inappropriate use of language and admission by Bazinet; and documenting a third hearing on 12/19/02.

5. 10/10/03 teacher observation report indicating need for improvement

6. 12/19/03 memo from Asst. Superintendent Coleman to Bazinet re: homework policy with directives on same

7. 1/28/04 letter from Principal Budd-Jackson to Bazinet re: meeting with administrators concerning teaching deficiencies and inappropriate sexual comment, referring to right to representation

8. 2/9/04 notice to Bazinet re meeting with Asst. Superintendent Coleman,

51143

Principal Jackson, and others concerning two alleged inappropriate statements, and right to have representation

9. 2/12/04 letter from Principal Budd-Jackson to Bazinet requesting written explanation concerning comments alleged to have been made

10. 2/13/04 statement by Bazinet explaining comments pursuant to investigation

11. 5/4/04 notice to Bazinet re: absence from Principal Budd-Jackson

12. 5/12/04 notice to Bazinet that he would not be employed for school year beginning August 2004

13. 5/18/04 letter from Atty Sullivan to Dr. Burke concerning Bazinet request for hearings on allegations

14. 5/20/04 referral of letter to Personnel Administrator Connie O'Hare, Asst. Superintendent Coleman, and Principal Budd-Jackson

15. 6/9/04 gathering of packet for Bazinet attorney

16. 6/23/04 response from Connie O'Hare to Attorney Sullivan

17. 7/18/04 letter from Bazinet to Burke

18. 8/2/04 letter to Bazinet from O'Hare

19. 11/1/04 letter from Bazinet to Burke

20. 11/3/04 note by O'Hare to Dr. Burke written on copy of 8/2/04 letter

51143



Respectfully submitted,

Defendant Joseph D. Burke,
Superintendent of Schools

_____
Edward M. Pikula
City Solicitor
BBO #399770
CITY OF SPRINGFIELD LAW DEPARTMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:	(413) 787-6085
Telefax:	(413) 787-6173

51143

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 FEB 13 P 2:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

YANKEE ENVIRONMENTAL
SYSTEMS, INC.
  Plaintiff

v.

Civil Action No. 03-30011-MAP

SVT ASSOCIATES, INC. AND BLUE
LOTUS MICRO DEVICES, INC.
  Defendants

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

The plaintiff, Yankee Environmental Systems, Inc. moves, in limine, to exclude from evidence at the trial the testimony of the witness designated in the defendant, SVT Associates, Inc.'s witness list as:

> 12. Employee or representative for the United States Department of Energy Contract Officers. This witness, who will likely testify via deposition, is expected to testify as to the general nature of SBIR grants, and the roles and obligations of the Department of Energy, awardees and subcontractors of such projects;

In support of this motion the plaintiff states:

1. The defendant should not be permitted to designate as a witness, some unnamed employee of the United States Department of Energy to testify for the first time at trial. In the absence of the identification of the witness, the plaintiff has had no opportunity to take the deposition of the witness. As recently as February 7, 2006, defendant's counsel has advised plaintiff's counsel that he is unable to name the person who will be testifying. In addition, in the defendant's Rule 26(a)(1)(A) disclosure, the defendant never disclosed the Department of Energy or any of its employees as persons likely to have discoverable information. To permit the defendant to simply show up at trial with a Department of Energy witness is unfair surprise and would constitute unfair prejudice to the plaintiff.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 FEB 13 P 2: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

YANKEE ENVIRONMENTAL
SYSTEMS, INC.
    Plaintiff

v.

SVT ASSOCIATES, INC. AND BLUE
LOTUS MICRO DEVICES, INC.
    Defendants

Civil Action No. 03-30011-MAP

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

The plaintiff, Yankee Environmental Systems, Inc. moves, in limine, to exclude from evidence at the trial the testimony of the witness designated in the defendant, SVT Associates, Inc.'s witness list as:

> 12. Employee or representative for the United States Department of Energy Contract Officers. This witness, who will likely testify via deposition, is expected to testify as to the general nature of SBIR grants, and the roles and obligations of the Department of Energy, awardees and subcontractors of such projects;

In support of this motion the plaintiff states:

1. The defendant should not be permitted to designate as a witness, some unnamed employee of the United States Department of Energy to testify for the first time at trial. In the absence of the identification of the witness, the plaintiff has had no opportunity to take the deposition of the witness. As recently as February 7, 2006, defendant's counsel has advised plaintiff's counsel that he is unable to name the person who will be testifying. In addition, in the defendant's Rule 26(a)(1)(A) disclosure, the defendant never disclosed the Department of Energy or any of its employees as persons likely to have discoverable information. To permit the defendant to simply show up at trial with a Department of Energy witness is unfair surprise and would constitute unfair prejudice to the plaintiff.